PHILIP BOROWSKY (SBN 56590)
CHRISTOPHER J. HAYES (SBN 184287)
BOROWSKY & HAYES LLP
100 Spear Street, Suite 1640
San Francisco, CA 94105-1571
Telephone:     (415) 896-6800
Facsimile:     (415) 896-0600
Email: philip.borowsky@borowsky.com
        christopher.hayes@borowsky.com

Attorneys for Plaintiffs
CHARLES T. MADDEN, *et al.*

TAMMY ALBARRÁN (SBN 215605)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:     (415) 591-6000
Facsimile:     (415) 591-6091
Email: talbarran@cov.com

LINDA C. GOLDSTEIN (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone:     (212) 841-1000
Facsimile:     (212) 841-1010
Email: lgoldstein@cov.com

Attorneys for Defendants
COWEN & CO., SG COWEN
SECURITIES CORPORATION and
COWEN AND COMPANY, LLC

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES T. MADDEN, *et al.*<br><br>                    Plaintiffs,<br><br>        -v-<br><br>COWEN & CO., *et al.*<br><br>                    Defendants. | Civil Case No.: C-06-4886 (JSW)<br><br>**JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date:        April 16, 2010**<br>**Time:        9 A.M.**<br>**Courtroom:  11** |

**1.     Jurisdiction and Service.** Plaintiffs filed this action in the San Francisco Superior Court; Defendants removed the action to this Court. The parties dispute whether this Court has subject-matter jurisdiction over this action pursuant to the Securities Litigation Uniform Standards Act of 1998, Pub. L. 105-353, Nov. 3, 1998, 112 Stat. 3227, 15 U.S.C. § 77p(d) ("SLUSA"). No dispute exists as to personal jurisdiction or venue. All relevant parties have been served.

**2.     Facts.** Charles T. Madden and 62 other Plaintiffs formerly held an equity interest that they allege was valued at $40 million in Orange Coast Managed Care Services, Inc. ("Orange Coast") and St. Joseph Medical Corporation ("St. Joseph"). In 1997 and 1998, Cowen & Co. (together with SG Cowen Securities Corporation and Cowen and Company, LLC, "Defendants" or "Cowen") prepared a fairness opinion (the "Fairness Opinion") and performed other financial advisory services in connection with the proposed merger or acquisition of Orange Coast and, plaintiffs allege, St. Joseph. Plaintiffs allege that Cowen ultimately recommended an acquisition by FPA Medical Management, Inc. ("FPA") for shares of FPA stock over several other suitors, including an all-cash proposal by the hospital affiliated with St. Joseph. FPA later declared bankruptcy, which Plaintiffs contend rendered their FPA shares virtually worthless. Initially filed in California Superior Court and later removed to the Northern District of California, this action seeks to recover $40 million from Defendants based on theories of negligent misrepresentation and professional negligence.

On March 8, 2007, this Court denied Plaintiffs' motion to remand the case to state court and granted Defendants' motion to dismiss pursuant to SLUSA. *Madden v. Cowen & Co.*, No. C 06-04886, 2007 U.S. Dist. LEXIS 22561, *26 (N.D. Cal. Mar. 8, 2007). On August 7, 2009, the Ninth Circuit vacated the dismissal on the grounds that this Court had misapplied SLUSA's "Delaware carve-out." *Madden v. Cowen & Co.*, 576 F.3d 957, 976 (9th Cir. 2009). In particular, the Ninth Circuit panel read the language to extend to certain actions involving a statement "on behalf of" St. Joseph made by a party other than its officer, director, or employee. *Id.* at 973. The case was remanded to this Court with instructions to apply the modified SLUSA inquiry in light of the record evidence. *Id.* at 974.

**3.    Legal Issues.** The Ninth Circuit remanded the case to this Court for adjudication of the following question: whether the Fairness Opinion constitutes "a communication made by Cowen on behalf of St. Joseph to St. Joseph's shareholders." *Id.* at 976. The resolution of this question will determine whether the action is precluded by SLUSA or preserved by virtue of the "Delaware carve-out." *Id.* at 975. The parties' positions on this question are set forth in their respective briefs submitted in connection with Plaintiffs' motion for remand and Defendants' motion to dismiss, which will be argued on April 16, 2010.

**4.    Motions.** *See* discussion in paragraph 2, above. The following motions are currently pending before this Court:

(i)  Plaintiffs' renewed motion to remand, filed January 29, 2010.

(ii) Defendants' renewed motion to dismiss, filed February 12, 2010.

**5.    Amendment of Pleadings.** In its prior decision, this Court granted Plaintiffs' request to amend their Complaint. Plaintiffs did not amend their Complaint, but stipulated to the entry of a Final Judgment on April 13, 2007. The stipulation was so ordered by this Court on April 23, 2007. Plaintiffs do not presently anticipate amendments to the pleadings; Defendants believe that Plaintiffs have waived any right to amend the Complaint.

**6.    Evidence Preservation.** Plaintiffs have retained evidence compiled in previous related litigation. Plaintiffs have no relevant programs for destruction of documents or electronically recorded material. Defendants and relevant employees have been instructed to preserve all evidence relevant to this litigation that is in their possession.

**7.    Disclosures.** The parties have not exchanged initial disclosures.

**8.    Discovery.** On February 9, 2010, Defendants served a limited number of document requests on Plaintiffs in response to new assertions contained in Plaintiffs' January 29, 2010 submissions to this Court. On February 22, 2010, Plaintiffs declined to produce the requested documents, claiming that no grounds existed to lift the automatic discovery stay under the Private Securities Litigation Reform Act ("PSLRA"). Pub. L. 104-67, Dec. 22, 1995, 109 Stat. 737, 15 U.S.C. § 77z-1(b)(1). Defendants believe that the PSLRA's automatic discovery stay does not apply to this action, which does not assert a federal securities law claim.

**9.  Class Actions.** The Ninth Circuit has held that this is a "covered class action" as that term is defined by SLUSA. *Madden*, 576 F.3d at 965. However, this is not a traditional "class action" within the meaning of Rule 23 of the Federal Rules of Civil Procedure, so no class needs to be certified.

**10.  Related Cases.** No related cases or proceedings are pending before another judge of this court, or before another court or administrative body.

**11.  Relief**. If this Court dismisses this action, there will be no need for this Court to consider the issue of damages. If this Court remands the action, the issue of damages will be for the California state courts to decide.  The parties therefore defer further description of the bases on which damages are calculated.

**12.  Settlement and ADR.** To date, the parties have engaged in settlement discussions in connection with the Ninth Circuit Mediation Program. The parties do not believe further ADR would be productive prior to receiving rulings from the Court on Plaintiffs' renewed motion to remand and Defendants' renewed motion to dismiss.

**13.  Consent to Magistrate for All Purposes.** The parties do not consent to the appointment of a Magistrate Judge for any further proceedings.

**14.  Other References.** The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues.** Not applicable.

**16.  Expedited Schedule**. Not applicable.

**17.  Scheduling.** The parties' motions have been set for oral argument on April 16, 2010. The parties believe that if the Court grants Defendants' motion to dismiss, there will be no further proceedings in this court (subject to further appellate review), and if the Court grants Plaintiffs' motion for remand, the California state courts would conduct any further proceedings.

**18.  Trial.** The parties believe that any trial would be conducted by the California state courts if this Court remands the action, and therefore request that no trial date be set at this time.

**19.  Disclosure of Non-Party Interested Entities or Persons.** Each party has filed a Rule 3.16 Disclosure Statement.

1    Plaintiffs further state: Other than the named parties, there is no interest to report under

2    Rule 3.16.

3    Defendants further state: Other than as stated in its Rule 3.16 Disclosure Statement,

4    Defendants are not aware of any other person or entity that has either (i) a financial interest in

5    the subject matter in controversy or in a party to this proceeding; or (ii) any other kind of

6    interest that could be substantially affected by the outcome of this proceeding.

7    **20.   Other matters.** Other than as set forth above, the parties are not aware of any matters that

8    should be presented to the Court at this time.

9                                                    Respectfully submitted,

10

11   DATED: April 9, 2010                    BOROWSKY & HAYES LLP

12                                            By:   */s/ Christopher J. Hayes*

13                                                  Christopher J. Hayes
                                                    Attorneys for Plaintiffs
14                                                  CHARLES T. MADDEN, *et al.*

15   DATED: April 9, 2010                    COVINGTON & BURLING LLP

16

17                                           By:   */s/ Tammy Albarrán*

18                                                 Tammy Albarrán
                                                   Attorneys for Defendants Cowen & Co.,
                                                   SG Cowen Securities Corporation, and
19                                                 Cowen and Company, LLC

20

21                              **Signature Attestation**

22           I hereby attest that I have on file all holograph signatures for any signatures

23   indicated by a "conformed" signature (/s/) within this e-filed document.

24   DATED:  April 9, 2010                   COVINGTON & BURLING LLP

25

26                                           By:   */s/ Tammy Albarrán*

27                                                 Tammy Albarrán
                                                   Attorneys for Defendants

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28